**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

IN RE:

COURTNEY BRETT KEENE,

      DEBTOR

CHAPTER 13
CASE NO.: 25-31359

## NOTICE OF OPPORTUNITY FOR HEARING

NOTICE IS HEREBY GIVEN that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through counsel, has filed a Motion for Relief from Automatic Stay on April 3, 2026.

TAKE FURTHER NOTICE that any response, including objection, to the relief requested in the Motion for Relief from Automatic Stay should be filed with the Clerk of the Bankruptcy Court within FOURTEEN (14) days of the date of this Notice and a copy served on the attorney identified below and upon other parties as required by law or court order. Any response shall clearly identify the specific motion or application to which the response is directed.

TAKE FURTHER NOTICE that the court will conduct a hearing on **April 21, 2026 at 9:30 a.m. at the United States Bankruptcy Court for the Western District of North Carolina, 401 West Trade Street, Room 2A, Charlotte, North Carolina 28677**. No further notice of this hearing will be given.

Dated:  April 3, 2026      WOMBLE BOND DICKINSON (US) LLP

By:   /s/ Eudora F. S. Arthur
      Eudora F. S. Arthur (NC Bar No. 59854)
      555 Fayetteville Street, Suite 1100
      Raleigh, NC 27601
      Phone: (919) 755-2178
      Email: Dorie.Arthur@wbd-us.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

------------------------------------------------------------- x
In re:                                                         :
                                                               :        Chapter 13
COURTNEY BRETT KEENE,                                          :
                                                               :        Case No.: 25-31359
                                    Debtor.                    :
                                                               :
------------------------------------------------------------- x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and 1301, and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Santander shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      On December 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.      On or about December 16, 2023, Santander extended a loan to Courtney Brett Keene (the "Debtor") and Cynthia Hortense Strayhorn (the "Co-Debtor") to finance the purchase of a 2021 Kia Seltos, VIN No. KNDEU2AA7M7066104 (the "Vehicle").

4.      In conjunction with this loan, the Debtor and Co-Debtor executed a Retail

WBD (US) 54893851v1

Installment Contract in favor of Santander in the principal amount of $23,648.56 (the "Contract").

A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

5.      Santander has a perfected security interest in the Vehicle, as noted on the face of

the Certificate of Title for the Vehicle (the "Certificate of Title").  A true and correct copy of the

Certificate of Title is attached hereto as **Exhibit B**.

6.      Debtor and Co-Debtor are currently due for November 2025 and have made no

payments since the filing of the Chapter 13 Case.

7.      The balance owed as of the Petition Date is $22,755.81.

8.      On or about January 19, 2026, the Debtor filed her Chapter 13 Plan (the "Plan")

(D.I. 11), whereby the Debtor seeks to surrender the Vehicle to Santander.  Upon confirmation,

the stay was lifted by operation of the Plan as to the Debtor, however, the stay was not explicitly

lifted as to the Co-Debtor.

9.      Santander repossessed the Collateral on .

10.     Upon information and belief, as of the filing of this Motion, the value of the Vehicle

is approximately $14,075.00 according to N.A.D.A. Official Used Car Guide (the "Valuation"). A

true and accurate copy of the Valuation is attached hereto as **Exhibit C**.

11.     Based on the forgoing, Santander seeks relief from the automatic stay in order to

exercise its rights and remedies under the Contract.

### BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is

appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)
> of this section, such as by terminating, annulling, modifying, or
> conditioning such stay—

(1)      for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)      with respect to a stay of an act against property under subsection (a) of this section, if

(A)      the debtor does not have an equity in such property; and

(B)      such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

Section 1301(c) provides:

(c)      On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1)      as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2)      the plan filed by the debtor proposes not to pay such claim; or

(3)      such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301 (the "Co-Debtor Stay")

12.      As a result of the Debtor's failure to pay Santander's claim in the Plan, Santander is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Santander's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization.

13.      Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

14.      If Santander is not granted relief from the Co-Debtor Stay and  permitted liquidate the Vehicle, then Santander will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

15.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

16.     A proposed order granting the Motion is attached hereto as **Exhibit C**.

WHEREFORE, Santander prays for the Court to grant the following relief:

1.     To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) and the Co-Debtor stay under § 1301(c) to allow Santander to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.     To award Santander reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.     To grant such other and further relief as the court deems just and appropriate.

Dated:  April 3, 2026                    WOMBLE BOND DICKINSON (US) LLP

                                         By: /s/ Eudora F. S. Arthur
                                             EUDORA F. S. ARTHUR
                                             N.C. State Bar. No. 59854
                                             555 Fayetteville Street, Suite 1100
                                             Raleigh, NC  27601
                                             Telephone: (919) 755-2178
                                             dorie.arthur@wbd-us.com

                                         *Attorneys for Santander Bank, N.A., as servicer for*
                                         *Santander Consumer USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Courtney Brett Keene
> 8655 Westhope Street
> Charlotte, NC 28216
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Jack G. Lezman
> *Attorney for Debtor*
>
> Jenny P. Holman
> *Chapter 13 Trustee*
>
> Brian Behr, Esq.
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2026

WOMBLE BOND DICKINSON (US) LLP

By:   /s/ Eudora F. S Arthur
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

**EXHIBIT**

**A**

## RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| COURTNEY BRETT KEENE 8655 WESTHOPE ST CHARLOTTE NC 28216 | CYNTHIA HORTENSE STRAYHORN 8655 WESTHOPE ST CHARLOTTE NC 28216 | JT'S KIA OF ROCK HILL 840 N. ANDERSON RD ROCK HILL SC 29730 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| | | | | Personal, family, or household unless otherwise indicated below ☐ business |
| USED | 2021 | KIA SELTOS | KNDEU2AA7M7066104 | ☐ agricultural   ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 22.00 % | $ 19520.48 | $ 23648.56 | $ 43169.04 | $ 43169.04 |

**APPLICABLE LAW**
Federal law and the law of the state of South Carolina apply to this contract.

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 599.57 | MONTHLY   beginning 01/30/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If a payment is not received in full within ___10___ days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $ __9.20__ . The charge will not exceed $ __23.00__ if you bought the vehicle primarily for personal, family, or household use. We may charge the maximum and minimum late charge dollar amounts as allowed by S.C. Code Ann. 37-1-109 of the South Carolina Consumer Protection Code.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within __N/A__ days after it is due, you will pay a late charge of $ __N/A__ or __N/A__ % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** __N/A__ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

ORIGINAL LIENHOLDER

Buyer Initials _____ Co-Buyer Initials _____

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price
(including $ __639.81__ sales tax and $ __389.00__ closing fee) $ __21966.81__ (1)

2 Total Downpayment =

Trade-In **N/A**
(Year)    (Make)    (Model)

| | | |
|---|---|---|
| Gross Trade-in Allowance | $ | N/A |
| Less Pay Off Made By Seller to **N/A** | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other **N/A** | $ | N/A |
| + Other **N/A** | $ | N/A |
| + Other **N/A** | $ | N/A |

(If total downpayment is negative, enter "0" and see 4J below) $ __N/A__ (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ __21966.81__ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| | | |
|---|---|---|
| Life | $ | N/A |
| Disability | $ | N/A $ N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | | $ N/A |
| C Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A |
| D Optional Gap Contract | | $ 1000.00 |

E Official Fees Paid to Government Agencies

| | | | |
|---|---|---|---|
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| F Government Taxes Not Included in Cash Price | | $ | N/A |

G Government License and/or Registration Fees

**LICENSE FEE**

**N/A** $ __94.75__

| | | |
|---|---|---|
| H Government Certificate of Title Fees | $ | N/A |
| I Infrastructure Maintenance Fee | $ | N/A |

J Other Charges (Seller must identify who is paid and describe purpose)

| | | | |
|---|---|---|---|
| to **N/A** | for Prior Credit or Lease Balance | $ | N/A |
| to **FIDELITY** | for **KIA CARE CHOICE -** | $ | 587.00 |
| to **FIDELITY** | for **KIA CERTIFIED WARR** | $ | 0.00 |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |
| to **N/A** | for **N/A** | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ __1681.75__ (4)

5 Amount Financed (3 + 4) $ __23648.56__ (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before __N/A__ , Year __N/A__ . SELLER'S INITIALS **N/A**

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit, to obtain certain terms of credit, or to buy the vehicle. A gap contract will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __72__ Mos.    **JM&A GAP**
Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X _(signature)_     _(signature)_

**Returned Check Charge:** You agree to pay a charge of $30.00 if any check you give us is dishonored.

---

insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**

☐ Credit Life:    ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ __N/A__
Credit Disability $ __N/A__
Insurance Company Name __N/A__
**N/A**
Home Office Address __N/A__
**N/A**

**CONSUMER CREDIT INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST.** Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ __N/A__     __N/A__
Type of Insurance    Term
Premium $ __N/A__
Insurance Company Name __N/A__
**N/A**
Home Office Address __N/A__
**N/A**

☐ __N/A__     __N/A__
Type of Insurance    Term
Premium $ __N/A__
Insurance Company Name __N/A__
**N/A**
Home Office Address __N/A__
**N/A**

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the optional credit insurance and other insurance checked above.

X**N/A**     __N/A__
Buyer Signature    Date

X**N/A**     __N/A__
Co-Buyer Signature    Date

☐ **IF CHECKED, THE TERM OF OPTIONAL CREDIT INSURANCE IS LESS THAN THE TERM OF THIS CONTRACT, AS DESCRIBED ABOVE.**

X**N/A**     __N/A__
Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

ORIGINAL LIENHOLDER

Buyer Initials ___    Co-Buyer Initials ___

## 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the Amount Financed, and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **You may refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you may refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below:

b. **You may have to pay all you owe at once.** If you break your promises (default) we may demand that you pay all you owe at once after we give you any notice the law requires. Default means:
- You do not make any payment when due; or
- You start a proceeding in bankruptcy or one is started against you or your property; you give false, incomplete, or misleading information during credit application; or you break any agreements in this contract; except that if you bought the vehicle primarily for personal, family, or household use, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe. You will also pay the reasonable expenses we incur in realizing on our security interest as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may only take the vehicle if we do so peacefully without entering into a dwelling used as a current residence. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney's fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest rate permitted by applicable law.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. NEGATIVE CREDIT REPORT NOTICE
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

ORIGINAL LIENHOLDER

Buyer Initials _____ Co-Buyer Initials _____

**SERVICING AND COLLECTION CONTRACTS**

In consideration of our extension of credit to you, you agree to provide us with information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

---

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _____   Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____   Date 12/16/23   Co-Buyer Signs X _____   Date 12/16/23
Buyer Printed Name COURTNEY BRETT KEENE   Co-Buyer Printed Name CYNTHIA HORTENSE STRAYHORN

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A _____   Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A _____   Address N/A
Seller signs JT'S KIA OF ROCK HILL   Date 12/16/23   By X _____   Title _____

Seller assigns its interest in this contract to SANTANDER CONSUMER USA   (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse      ☒ Assigned without recourse      ☐ Assigned with limited recourse

Seller JT'S KIA OF ROCK HILL
By X _____   Title _____

ORIGINAL LIENHOLDER

**EXHIBIT B**

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| KNDEU2AA7M7066104 | 2021 | KIA | MP |
| TITLE NUMBER | | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
| | | 12/30/2025 | |

**ODOMETER READING**

044594

**ODOMETER STATUS**

**TITLE BRANDS**

MAIL TO

SANTANDER CONSUMER USA INC
PO BOX 961288
FORT WORTH   TX   76161-

OWNER(S) NAME AND ADDRESS

COURTNEY BRETT KEENE   JTWROS
CYNTHIA HORTENSE STRAYHORN   JTWROS
8655 WESTHOPE ST
CHARLOTTE   NC   28216-3689

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application the Division of Motor Vehicles is satisfied that the applicant is the lawful owner  Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens if any herein enumerated at the date of issuance of this certificate

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER                    DATE OF LIEN 12/16/2023
SANTANDER CONSUMER USA
PO BOX 961288                                              LIEN RELEASED BY
FORT WORTH   TX   76161-0288                 SIGNATURE_____
                                             TITLE_____DATE_____

SECOND LIENHOLDER               DATE OF LIEN
                                             LIEN RELEASED BY
                                             SIGNATURE_____
                                             TITLE_____DATE_____

THIRD LIENHOLDER                DATE OF LIEN
                                             LIEN RELEASED BY
                                             SIGNATURE_____
                                             TITLE_____DATE_____

FOURTH LIENHOLDER               DATE OF LIEN
                                             LIEN RELEASED BY
                                             SIGNATURE_____
                                             TITLE_____DATE_____

ADDITIONAL LIENS

**ANY ALTERATIONS OR ERASURES VOID TITLE**

**EXHIBIT C**

**N.A.D.A. Official Used Car Guide**
**Automated Vehicle Valuation**
Monday, March 9, 2026

| | | | |
|---|---|---|---|
| **Guide Edition:** | February 2026 | **Region:** | Southeastern |
| **Vehicle:** | 2021   KIA | | |
| | Seltos | **VIN:** | KNDEU2AA7M7066104 |
| | Utility 4D S 2.0L I4 | **Weight:** | 2,948 |
| **Mileage:** | 71,394 | **MSRP:** | $21,990.00 |

**Base Retail:** $14,275.00    **Base Trade:** $11,925.00    **Base Loan:** $10,750.00

**Accessory Adjustments:**

(Retail)      (Trade)      (Loan)

**Mileage Adj.:** ($200.00)    **(Trade) Accessory Adj.:** $0.00

**Total N.A.D.A. Official Used Car Values**

**Retail:** $14,075.00    **Trade:** $11,725.00    **Loan:** $10,550.00

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company  Copyright NADASC 1996

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

------------------------------------------------------------ x

In re:                                                  :

                                                        :        Chapter 13

COURTNEY BRETT KEENE,                                   :

                                                        :        Case No.: 25-31359

                                  Debtor.               :

                                                        :

------------------------------------------------------------ x

## ORDER GRANTING MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of Santander Bank, N.A., as servicer for Santander Consumer USA

Inc.'s Motion for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and

after due deliberation thereon; and good cause having been shown and found; it is, by the United

States Bankruptcy Court for the Western District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C.

§ 1301 is hereby terminated to permit Santander Bank, N.A., as servicer for Santander Consumer

USA Inc. to exercise its rights and remedies under applicable non-bankruptcy law under the Retail Installment Contract executed by Debtor in favor of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. in the principal amount of $23,648.56 for the financed purchase of one (1) 2021 Kia Seltos, VIN No. KNDEU2AA7M7066104 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Santander Bank, N.A., as servicer for Santander Consumer USA Inc., including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Santander Bank, N.A., as servicer for Santander Consumer USA Inc. must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT